15  263
46  270

SUCCESSION OF ST. JULIEN TOURNILLON.—JULIEN TOURNILLON, Fils, v. MARY TOURNILLON, Wife of COLTMAN.

The child is bound to collate, in the partition of the succession of his father, the amount of his debts assumed by his father and paid by the succession.

Money paid by the grand-father for the tuition of his grand-children, although he gives his note or draft for the amount, must be collated by the child at the partition of his father's succession.

APPEAL from the District Court of the Parish of Assumption, *Roman, J.*
*J. H. Ilsley,* for plaintiff and appellant. *Mills & Leblanc,* for defendant.

BUCHANAN, J. It is admitted of record, that the mortgage debt of the appellant, *Julien Tournillon,* of the 5th of April, 1849, and the mortgage debt of his father, St. Julien Tournillon, deceased, were included in and constituted the consideration of the mortgage debt of the 23d of April, 1855; the whole of which latter debt has been paid by the estate of *St. Julien Tournillon.*

The District Judge correctly ruled that the appellant was obliged to collate, in the partition of his father's succession, the amount of his own debt to *John Lear,* thus assumed by his father, and discharged by his father's succession. C. C. 1306, 1307, 1308, 1321, 1322, 1323, 1324, 1326.

It is contended by the counsel of appellant, that the assumption of the son's debt by the father was a contract of the latter, for a valuable and sufficient consideration, passing from the son to the father, which exempts the former from the charge of collation. But this argument has no foundation in the facts of the case. It leaves out of view, that by the contract of the 23d of April, 1855, the father became security for a debt of the son, as well as the son for a debt of the father. Nay more, the father, by that contract, was accepted as a new debtor in the place of the son, by the creditor of the son. The pretension which is here set up on behalf of appellant, amounts to no less than a charge of a commission of twenty-five per cent. for endorsing a note for the accomodation of the maker of the note :—the consideration of the note being itself, to the extent of one-fourth, an antecedent debt of the endorser himself!

The statement of such a charge, is its refutation.

The judgment of the court below in relation to the charge of wages of slaves of *Julien Tournillon, fils,* for the year 1856, is sustained by the evidence.

The item of $393 for money paid to *U. S. Landry,* is a proper charge against the appellant, being for the tuition of his daughters, although his father had given his note or draft for the amount.

The appellee, *Mrs. Coltman,* has filed an answer to the appeal, by which she prays an amendment of the judgment in her favor, by reducing the item of three thousand dollars, allowed by that judgment to the appellant for his services as agent or manager of the plantation.

The evidence shows that the parties agreed to leave the question of the appellant's compensation to *Mr. M. S. Bringier.* The award of *Mr. Bringier* is contained in a letter, which, as the District Judge observes in his reasons for judgment, is obscure in its phraseology, and contains an apparent contradiction. A careful inspection of this document does not, however, authorize us to say with confidence, that the interpretation put upon it by the District Judge, incorrectly expresses the intentions of the arbitrator.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

DUFFEL, J., recused himself for cause of relationship to one of the parties.